UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE ARCURI as legal guardian
of B.S., a minor
and SHERRIE ARCURI, individually

    Plaintiffs

Case No.: 8:08-CV-2425-T-26TGW

v.

HUMANA INSURANCE COMPANY
IAC/INTERACTIVE CORP., as sponsor of the
IAC/INTERACTIVE CORP. GROUP
HEALTH PLAN

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND EQUITABLE RELIEF

Plaintiffs, SHERRIE ARCURI as legal guardian of B.S., a minor, and SHERRIE ARCURI, individually (jointly "Plaintiffs"), file this Complaint against Defendants, HUMANA INSURANCE COMPANY ("Humana") and IAC/INTERACTIVE CORP., as sponsor of the IAC/INTERACTIVE CORP. GROUP HEALTH PLAN ("IAC/InterActive Corp."), for a declaratory judgment and other equitable relief, and allege as follows:

PRELIMINARY STATEMENT

Defendants are the sponsor/administrator and manager of a medical benefits plan that paid various medical expenses of B.S., incurred when he suffered severe injuries in an automobile accident. Defendants have asserted a lien against proceeds obtained by Plaintiffs in settlement of claims made by Plaintiffs against responsible parties following the accident. Under governing law, Defendants are not entitled to those proceeds, as Plaintiffs have not been made whole by those proceeds for damages resulting from the accident. Accordingly, Plaintiffs respectfully request that the Court issue declaratory judgments that: 1) Plaintiffs are entitled to be

1

made whole prior to Defendants' receipt of settlement proceeds, and 2) Plaintiffs have not been made whole by settlement proceeds, precluding Defendants from recovering on the lien they have asserted. Alternatively, Plaintiffs request that the Court order an equitable distribution of those proceeds.

## PARTIES

1. At all times material to this action, Plaintiff, Sherrie Arcuri, as legal guardian of B.S, a minor, was the natural mother and legal guardian of B.S., a minor.

2. At all times material to this action, Sherrie Arcuri resided in Valrico, Hillsborough County, Florida.

3. At all times material to this action B.S., a minor, resided in Valrico, Hillsborough County, Florida.

4. At all times material to this action, Defendant Humana was a foreign corporation doing business in Florida.

5. At all times material hereto, Humana was the Plan Manager and Claim Fiduciary of the IAC/InterActive Corp. Group Health Plan, Plan Number 236100, 236126, 236127, 236136.

6. At all times material to this action, Defendant IAC/InterActive was a foreign corporation doing business in Florida.

7. At all times material hereto, IAC/Interactive was the Plan Sponsor, Plan Manager and Named Fiduciary of the IAC/InterActive Corp. Group Health Plan, Plan Number 236100, 236126, 236127, 236136.

8. At all times material to this action, the IAC/InterActive Corp. Group Health Plan, Plan Number 236100, 236126, 236127, 236136 (the "Plan"), provided medical and prescription drug benefits.

## JURISDICTION

9. This is an action for declaratory judgment and other appropriate equitable relief brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq. and 28 U.S.C. §2201.

10. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

## VENUE

11. Venue is proper in this Court pursuant to 29 U.S.C. §1132 (e)(2) and 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this judicial district, and acts which would constitute a breach of the plan if declaratory relief is not granted, would occur in this judicial district. Further, Defendants may be found in this judicial district as they conduct business in this judicial district.

## GENERAL ALLEGATIONS

12. On or about August 24, 2008, B.S. was involved as a passenger in an automobile accident in Plant City, Hillsborough County, Florida.

13. As a result of the accident, B.S. suffered serious injuries, including brain injury, paralysis on his left hand side, and paralysis of his right foot. B.S. is currently wheelchair bound and is expected to require 24-hour medical care for the next two years, and other medical care into the future.

14. Plaintiffs made a demand to various parties believed to be negligent in the amount of ten million dollars.

15. Subsequently, Plaintiffs filed suit in state court against various parties believed to be responsible for Plaintiffs' damages.

16. Based on investigation, Plaintiffs' counsel estimates that the value of the state court case ranges between eight million and ten million dollars, which are the total economic and non-economic damages suffered by Plaintiffs as a result of the subject accident.

17. At all times material hereto, the IAC/InterActive Group Health Plan provided health and prescription benefits to participating Employees of IAC/InterActive Corp. and their enrolled Dependents.

18. At all times material hereto, B.S. was an enrolled Dependent of Vincent Arcuri, and was entitled to benefits provided by the Plan.

19. At all times material hereto, the Plan included the following language:

> REIMBURSEMENT/ SUBROGATION
> The Beneficiary agrees that by accepting and in return for the payment of Covered Expenses by the Plan in accordance with the terms of the Plan:
> 1. The Plan shall be repaid the full amount of the Covered Expenses it pays from any amount received from others for the bodily injuries or losses which necessitated such Covered Expenses. Without limitation, "amounts received from others" specifically includes, but is not limited to, liability insurance, worker's compensation, uninsured motorists, underinsured motorists, "no fault" and automobile med-pay payments.
> 2. The Plan's right to repayment is, and shall be, prior and superior to the right of any other person or entity, including the Beneficiary.
> 3. The right to recover amounts from others for the injuries or losses which necessitate Covered Expenses is jointly owned by the Plan and the Beneficiary. The Plan is subrogated to the Beneficiary's rights to that extent. Regardless of who purses those rights, the funds recovered shall be used to reimburse the Plan as prescribed above; the Plan has no obligation to pursue the rights for an amount greater than the amount that it has paid, or may pay in the future. The rights to which the Plan is subrogated are, and shall be, prior and superior to the rights of any other person or entity, including the Beneficiary. . . .

20. After the subject accident, Defendants paid various claims for B.S.' medical treatment.

21. Subsequently, Plaintiffs reached a settlement in the total amount of $1,400,000.00 with various other parties involved in the accident and their insurers.

22. Defendants then asserted a lien in the amount of $391,382.78 on settlement proceeds received by Plaintiffs.

23. In this action for declaratory judgment and other appropriate equitable relief, Plaintiffs first seek a declaration that the "make whole" doctrine applies to the Plan so that Plaintiffs are entitled to be made whole before Defendants may participate in any recovery from an at-fault party. Secondly, Plaintiffs seek a declaration that settlement proceeds obtained by Plaintiffs are insufficient to make Plaintiffs whole, thereby precluding Defendants from recovering on the lien they have asserted on Plaintiffs' recovery from at fault parties. Lastly and alternatively, if it is determined by this Court that recovery from at-fault parties is sufficient to make Plaintiffs whole, Plaintiffs seek an equitable distribution of the recovery proceeds.

24. Plaintiffs have complied with all conditions precedent pursuant to the Plan and the law to the bringing of this action.

**COUNT I**

Declaratory Judgment – "Make Whole" Doctrine

25. Plaintiff incorporates the allegations contained in Paragraphs 1 through 24 as if fully stated herein.

26. The federal common law "make whole" doctrine, applicable in the Eleventh Circuit, provides that an insurer cannot exercise a right of subrogation until the insured is made whole for his total loss, and that the insured who has settled with a third-party tortfeasor is liable to the insurer-subrogee only for the excess received over the total amount of his loss.

27. The "make whole" doctrine is a default rule in ERISA cases. The doctrine applies when the ERISA plan language does not disavow the doctrine by including language that

specifically allows the plan the right of first reimbursement out of any recovery the participant was able to obtain even if the participant was not made whole. The "make whole" doctrine applies even when the plan language gives the plan priority over any funds paid by a third party.

28. The IAC/InterActive Group Health Plan does not include language that creates an automatic lien on amounts received by a beneficiary from others. The Plan neither expressly disavows the "make whole" doctrine, nor provides that the Plan obtain a superior or first right of reimbursement even if the participant is not made whole.

29. The federal common law "make whole" doctrine, therefore, applies to the Plan so that Plaintiffs are entitled to be made whole before Defendants may participate in any recovery from an at-fault party.

## COUNT II

### Declaratory Judgment – Plaintiffs Not "Made Whole"

30. Plaintiff incorporates the allegations contained in Paragraphs 1 through 24 as if fully stated herein.

31. The $1,400,000.00 settlement proceeds from various other parties involved in the subject accident are insufficient to make Plaintiffs whole for the substantial damages suffered as a result of the accident, estimated to be between eight million and ten million dollars.

32. Because the $1,400,000.00 settlement proceeds are insufficient to make Plaintiffs whole, Defendants are precluded from recovering on the lien they have asserted on Plaintiffs' recovery from at fault parties.

## COUNT III

### Other Equitable Relief - Equitable Distribution

33. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 24 as if fully stated herein.

34. If it is determined that the settlement proceeds obtained by Plaintiffs are sufficient to make Plaintiffs whole as to all damages suffered, Plaintiffs seek an order of equitable distribution that states the proper portion of the subject settlement proceeds, if any, to be allocated to Defendants, taking into consideration the total damages suffered by Plaintiffs.

35. In conjunction with any order of equitable distribution that may be entered, Plaintiffs request the opportunity to present evidence to the Court regarding the total damages they have suffered, and to propose an equitable means to allocate a portion of settlement proceeds to Defendants.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an order in favor of Plaintiffs:

1. Declaring that "make whole" doctrine applies to the Plan so that Plaintiffs are entitled to be made whole before Defendants may participate in any recovery from an at-fault party.

2. Declaring that settlement proceeds obtained by Plaintiffs are insufficient to make Plaintiffs whole, thereby precluding Defendants from recovering on the lien they have asserted on Plaintiffs' recovery from at fault parties.

3. If it is determined by this Court that recovery from at-fault parties is sufficient to make Plaintiffs whole, an order of equitable distribution, and a hearing in conjunction therewith.

4. Retaining jurisdiction to ensure compliance with the Court's order

5. Awarding Plaintiffs attorney's fees and all other reasonable expenses incurred in the pursuit of this action.

6. Granting other such relief as the Court may deem just and proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished U.S. Mail to Thomas Lawrence, Esquire, Lawrence & Russell, LLP, 5178 Wheelis Dr., Memphis, TN 38117, Attorney for Humana, this _____ day of December, 2008.

CATANIA & CATANIA, P.A.

/s/ Paul S. Reed

PAUL B. CATANIA, ESQUIRE
FBN: 764558
PAUL S. REED, ESQUIRE
FBN: 0083143
Bank of America Plaza, Suite 2400
101 E. Kennedy Boulevard
Tampa, FL 33602
(813) 222-8545
Attorney for the Plaintiff